UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT E. BOICE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>M+W U.S., INC., TOTAL FACILITY SOLUTIONS, INC., and M+W ZANDER NY ARCHITECTS, P.C.<br><br>Defendants. | **COMPLAINT**<br><br>FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION<br><br>Jury Trial Demanded<br><br>Case No. 1:14-cv-505 (GTS/CFH) |

Plaintiff, VINCENT E. BOICE, by and through his attorneys, Cooper, Erving & Savage LLP, individually and on behalf of others similarly situated, for his complaint herein, against defendants M+W U.S., INC., TOTAL FACILITY SOLUTIONS, INC., and M+W ZANDER NY ARCHITECTS, P.C., alleges as follows:

**PRELIMINARY STATEMENT**

1. This action is brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216, et seq., and the New York State Labor Law ("NYLL") §650 et seq., to recover overtime pay owed, but never paid, to plaintiff and other persons who work and/or have worked as Structural Designers, Architectural Designers, Mechanical Designers and/or Electrical Designers (hereinafter "Designers"), or a position with comparable work duties, at any of defendants' locations in the United States during the period of the proposed "similarly situated" class.

2. For at least (3) years prior to the filing of this Collective Action Complaint, Defendants have willfully committed widespread violations of the FLSA and the NYLL by *inter alia*, intentionally failing to pay employees in positions such as Plaintiff's for overtime hours

1

worked in excess of forty (40) hours per week at a rate of one-and-one-half their regular rate of pay.

3. As a result of those willful violations of the FLSA and NYLL, Plaintiff brings this action on behalf of himself and other similarly situated current and/or former employees of Defendants seeking to recover, *inter alia*, unpaid overtime wages, liquidated damages, interest, costs, attorneys' fees, injunctive and declaratory relief pursuant to the applicable provisions of the FLSA and NYLL.

## JURISDICTIONAL STATEMENT

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, § 1332, and the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

5. The amount in controversy exceeds $75,000. Defendants M+W U.S., Inc. and Total Facility Solutions, Inc. have a principal place of business in Plano, Texas. Defendant M+W Zander NY Architects, P.C. has a principal place of business in Lansdale, Pennsylvania.

6. The Court has supplemental jurisdiction over plaintiffs' New York State Labor Law claims pursuant to 28 U.S.C. §1367 because such claims arise from the same set of facts and circumstances as are claimed under 29 U.S.C. §201, et seq.

## VENUE

7. Venue is proper under 28 U.S.C. §1391(b) because defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

8. Plaintiff is a competent adult individual who maintains residence in the County of Schenectady, State of New York.

9. Upon information and belief, defendant M+W U.S., INC. ("MW U.S."), is, and, at all times mentioned in this complaint, was a foreign business corporation authorized to do business in the State of New York, and which maintains and maintained a principal place of business in Plano, Texas.

10. Upon information and belief, defendant TOTAL FACILITY SOLUTIONS, INC. ("Total Facility Solutions"), is, and, at all times mentioned in this complaint, was a foreign business corporation authorized to do business in the State of New York, and which maintains and maintained a principal place of business in Plano, Texas.

11. Upon information and belief, defendant Total Facility Solutions is and was, at all times mentioned in this complaint, a subsidiary of defendant M+W U.S.

12. Upon information and belief, defendant M+W Zander NY Architectural, P.C.("Zander"), is, and, at all times mentioned in this complaint, was a domestic professional corporation authorized to do business in the State of New York, and which maintains and maintained a principal place of business in Landsdale, Pennsylvania, Texas.

13. Upon information and belief, defendant Zander is and was, at all times mentioned in this complaint, a subsidiary of defendant M+W U.S.

14. Upon information and belief, defendants are engaged in the business of providing structural, architectural, electrical and mechanical engineering services to high-technology, electronics, and related industries in various locations throughout the United States and the State of New York.

15. Upon information and belief, defendants are part of a single integrated enterprise with common management and common ownership that jointly employed Plaintiff and those similarly situated at all relevant times.

16. Upon information and belief, defendants employ structural, architectural, electrical and mechanical designers throughout the United States, including Arizona, Illinois, Massachusetts, New York, North Carolina, Pennsylvania, Texas and Utah.

17. At all times relevant herein the Plaintiff was employed at Defendants' Watervliet Regional Office as a Structural Designer from December 2008 through December 3, 2013.

18. During the time the Plaintiff was employed by the Defendants, Defendants failed to pay Plaintiff for overtime hours worked in excess of forty (40) hours per week at a rate of one-and-one-half his regular hourly rate of pay as required under the FLSA and NYLL.

19. Instead, Defendants attempted to bypass its obligations under the FLSA and NYLL by willfully and unlawfully limiting Plaintiff's overtime payments to his regular rate of hourly pay ("straight-time").

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all Designers employed by Defendants (hereinafter "FLSA Collective Plaintiffs") at any of Defendants' locations on or after the date that is three (3) years before the filing of this Complaint.

21. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them the legally required overtime wages for hours worked in excess of forty (40) hours per week a rate of one-and-one-half their regular rate of pay. The claims of the Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

22. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 32 CLASS ALLEGATIONS – NEW YORK

23. Plaintiff brings the Second Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all Designers employed by the Defendants at any New York location on or after the date that is six (6) years before the filing of this Complaint as defined herein (the "Class Period").

24. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. Rule 23.

25. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there are more than 50 members of the Class.

26. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay them the legally required overtime wages for hours worked in excess of forty (40) hours per week a rate of one-and-one-half their regular rate of pay. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures, specifically the payment of overtime hours worked at straight time.

27. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hours cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated person to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense of pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individuals Class

6

members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action.

29. The adjudication of individual claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

31. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class members within the meaning of New York Law.

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants paid or did not pay the Plaintiff and the Class Members.

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their overtime work.

d. Whether Defendants paid Plaintiff and the Class members the federal and state minimum wage for all hours worked.

e. Whether Defendants properly compensated Plaintiff and Class members for overtime.

## FACTS

32. Plaintiff's consent to sue form is attached as Exhibit A.

33. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

34. Plaintiff, the FLSA Collective Plaintiffs, and members of the Class regularly worked in excess of forty (40) hours per workweek.

35. Defendants unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiff, and members of the Class one-and-one-half times their regular rate for all of the hours that they worked in excess of forty (40) hours per workweek.

36. Plaintiff, the FLSA Collective Plaintiff, and members of the Class performed non-exempt duties, which included creating, updating and modifying blueprints of structural, architectural, electrical and mechanical construction drawings/specifications via Computer Aided

Design (CAD) software based on Engineers' sketches and under the direct supervision of said Engineers.

37. The duties and responsibilities of Plaintiff, the FLSA Collective Plaintiff, and members of the Class did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

38. Plaintiff, the FLSA Collective Plaintiff, and members of the Class are/were not allowed to make any relevant decisions regarding design, development, documentation, analysis, testing or modification of the software program they used in performing their duties without final approval by their supervisors.

39. At all times mentioned herein, Plaintiff, the FLSA Collective Plaintiff, and members of the Class were responsible for their own work and did not have administrative or management responsibilities, as those terms are used in connection with the FLSA, NYLL, and applicable regulations.

40. At all times mentioned herein, Plaintiff, the FLSA Collective Plaintiff, and members of the Class were primarily responsible for their own work and did not spend more than 50 percent of their working time devoted to administrative or management responsibilities, as those terms are used in connection with the FLSA, NYLL, and applicable regulations.

41. The work performed by the Plaintiff, the FLSA Collective Plaintiff, and members of the Class only required minuscule amount of discretion or independent judgment.

42. Plaintiff, the FLSA Collective Plaintiff, and members of the Class were subject to the policies and procedures of Defendants and the determinations made by their direct supervisors.

43. Plaintiff, the FLSA Collective Plaintiff, and members of the Class were required to refer all decision-making matters involving their projects to the Engineers responsible for the blueprint of building sketches.

44. Plaintiff, the FLSA Collective Plaintiff, and members of the Class did not have authority to discipline, hire, or fire employees.

45. The work performed by Plaintiff, the FLSA Collective Plaintiff, and members of the Class is non-exempt work, as that term is used and defined in the U.S. Department of Labor's ("DOL") regulations promulgated under the FLSA, and the comparable state wage and hour provisions and regulations in effect in states where Defendants do business.

46. Throughout their employment with Defendants, Plaintiff, the FLSA Collective Plaintiff, and members of the Class were and/or are repeatedly and routinely required to work more than 40 hours per week.

47. Plaintiff, the FLSA Collective Plaintiff, and members of the Class were not executive, administrative or professional employees as those terms are defined in the FLSA, the NYLL, and applicable regulations.

48. Upon information and belief, defendants knew or should have known that Plaintiff, the FLSA Collective Plaintiff, and members of the Class were entitled to receive overtime compensation at a rate of one-and-one-half their regular rate of pay for hours worked in excess of forty (40) hours in any workweek.

49. Upon information and belief, Defendants knowingly and willfully failed to compensate the Plaintiff, the FLSA Collective Plaintiff, and members of the Class for overtime at one-and-one-half their regular rate of pay for hours worked in excess of 40 hours per week.

50. Because the methods used to pay the Plaintiff, the FLSA Collective Plaintiff, and members of the Class were the same or similar, the Plaintiff, the FLSA Collective Plaintiff, and members of the Class employed by the Defendants are similarly situated.

51. Because the Plaintiff, the FLSA Collective Plaintiff, and members of the Class are similarly situated, the Plaintiff may maintain an action on behalf of the other similarly-situated employees under the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b).

## FIRST CAUSE OF ACTION
### (FLSA Violations, 29 U.S.C.§ 201 et seq.)

52. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, repeats and realleges each allegation contained in the foregoing paragraphs as if fully set forth in this paragraph.

53. Plaintiff and other FLSA Collective Plaintiffs engaged in commerce as that phrase is defined within the meaning of the FLSA, 20 U.S.C. §203.

54. At all times mentioned in this Complaint, Plaintiff and other FLSA Collective Plaintiffs were "employee(s)" of Defendants as the term is defined under of 29 U.S.C. §203(e).

55. At all times mentioned in this complaint, Defendants were "employer(s)" as that term is defined under of 29 U.S.C. §203(d).

56. By failing to compensate the Plaintiff and other FLSA Collective Plaintiffs for all overtime hours worked in the course of his employment with Defendants at a rate of one-and-one-half their regular rate of pay, and instead paying them straight time, Defendants are liable to the plaintiff for the unpaid overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

57. Defendants' conduct was unreasonable and not undertaken in good faith.

58. Such violation was knowing and willful.

59. As a result of the defendants' conduct, Plaintiff and other FLSA Collective Plaintiffs are entitled, under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq., to compensation for unpaid overtime hours at a rate of one-and-one-half times their regular rate, liquidated damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (New York Overtime Violations, NYLL § 650 et seq.)

60. Plaintiff, on behalf of himself and the Class members, repeats and realleges each allegation contained in the foregoing paragraphs as if fully set forth in this paragraph.

61. At all times mentioned in this Complaint, Plaintiff and the Class members were "employee(s)" of Defendants as the term is defined under of NYLL §651(5).

62. At all times mentioned in this complaint, Defendants were "employer(s)" as that term is defined under NYLL §651(6).

63. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

64. Throughout the Class Period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff and the Class at the required overtime rate of one-and-one-half times their regular rate of hours worked in excess of forty (40) hours per workweek, paying them straight time instead.

65. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs, and attorneys' fees, as provided by NYLL §663.

## JURY TRIAL DEMANDED

66. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

WHEREFORE, it is respectfully requested by Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, that this court grant relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. Rule 23;

D. Designation of Plaintiff as Representative of the Class;

E. A declaration that Defendants have violated the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq., and the New York State Labor Law;

F. An injunction directing the Defendants to cease payroll practices in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq., and the New York State Labor Law;

G. An award of damages for unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq., and the New York State Labor Law according to proof;

H. An award of liquidated damages, under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq., and the New York State Labor Law according to proof;

I. Penalties available under applicable laws;

J. Costs of action incurred herein, including expert witness fees;

K. Reasonable attorney's fees, including fees pursuant to 29 U.S.C. §216, NYLL §663 and other applicable statutes;

L. Pre-Judgment and post-judgment interest, as provided by law; and

M. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: April 29, 2014
Albany, New York

Respectfully submitted,

**COOPER, ERVING & SAVAGE, LLP**

By: **s/ Carlo A. C. de Oliveira**
Carlo A. C. de Oliveira, Esq.
Bar Roll No.: 516271
Philip G. Steck, Esq.
Bar Roll No.: 102664
*Attorneys for Named Plaintiff,*
*proposed FLSA Collective Plaintiffs,*
*and proposed Class*
39 North Pearl Street
Fourth Floor
Albany, New York 12207
Telephone: (518) 449-3900
Fax: (518) 432-3111
CdeOliveira@coopererving.com

204815

14

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint was electronically filed with the Clerk of the Court by using the CCM/ECF system, which will send a notice of electronic filing to all attorneys of record.

Dated: April 29, 2014
       Albany, New York

**COOPER, ERVING & SAVAGE, LLP**

By:    <u>s/ Carlo A. C. de Oliveira</u>
        Carlo A. C. de Oliveira, Esq.
        Bar Roll No.: 516271
        *Attorneys for Named Plaintiff,*
        *proposed FLSA Collective Plaintiffs,*
        *and proposed Class*
        39 North Pearl Street
        Fourth Floor
        Albany, New York 12207
        Telephone: (518) 449-3900
        Fax: (518) 432-3111

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

VINCENT E. BOICE, individually and on behalf of all others similarly situated,

                          Plaintiff,

-against-

M+W U.S., INC., TOTAL FACILITY SOLUTIONS, INC., and M+W ZANDER NY ARCHITECTS, P.C.

                          Defendants.

**FLSA CONSENT FORM**

I, VINCENT E. BOICE, am a former employee of M+W U.S., Inc. I believe I am entitled to additional wages for unpaid or underpaid hours I worked for M+W U.S., Inc., and its subsidiaries in the State of New York in excess of forty hours per workweek during the past three years. I wish to be included as a party in the pay claims being asserted against M+W U.S., Inc., Total Facility Solutions, Inc. and M+W Zander NY Architects, P.C., by myself and other similarly situated and I hereby give consent to Carlo A. C. de Oliveira and Philip G. Steck of Cooper Erving & Savage LLP or such other representative as they may designate, to bring suit against M+W U.S., Inc., Total Facility Solutions, Inc. and M+W Zander NY Architects, P.C. on my behalf under the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

*/s/ Vincent Boice*                                  4-30-14
Vincent E. Boice                            Date
908 Thompson Street
Schenectady, New York 12306

Please Mail or Fax the completed Consent Form to Carlo A. C. de Oliveira as follows:

Carlo A. C. de Oliveira, Esq.
Cooper Erving & Savage LLP
39 North Pearl Street, Fourth Floor
Albany, New York 12207
p: (518) 449-3900
f: (518) 432-3111
CdeOliveira@coopererving.com