UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VINCENT E. BOICE, Individually and on
behalf of all others similarly situated,

       Plaintiff,

v.           1:14-CV-0505
           (GTS/CFH)

M+W U.S., INC.; TOTAL FACILITY
SOLUTIONS, INC.; and M+W ZANDER
NY ARCHITECTS, P.C.,

       Defendants.
_____

APPEARANCES:         OF COUNSEL:

COOPER ERVING & SAVAGE LLP    CARLO A.C. de OLIVEIRA, ESQ.
 Counsel for Plaintiff        PHILLIP G. STECK, ESQ.
39 North Pearl Street, 4th Floor
Albany, New York 12207

JACKSON LEWIS, P.C.       PETER M. TORNCELLO, ESQ.
 Counsel for Defendants       STEPHANIE L. GOUTOS, ESQ.
18 Corporate Woods Boulevard     WILLIAM J. ANTHONY, ESQ.
Albany, New York 12211

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

  Currently before the Court, in this wage-and-hour action filed by Vincent E. Boice ("Plaintiff") on behalf of himself and all others similarly situated against the three above-captioned entities ("Defendants") under the Fair Labor Standards Act ("FLSA"), are the following: (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that (a) Plaintiff's motion to compel discovery be granted in part (such that Defendants shall disclose to Plaintiff the full names and last-known addresses of all structural, architectural, mechanical, and electrical designers employed by Defendants in the previous three

years at all of their locations), (b) Plaintiff's motion to conditionally certify this matter as a collective action pursuant to the FLSA be denied without prejudice and with leave to renew if and when the completion of additional limited discovery yields facts and evidence that render such certification appropriate, and (c) Defendants' motion to strike as inadmissible seven paragraphs of the declaration of Plaintiff's counsel ("de Oliveria declaration"), submitted in support of Plaintiff's motion for conditional certification, be denied; (2) Defendants' Objections to that portion of the Report-Recommendation granting in part Plaintiff's motion to compel discovery; and (3) Plaintiff's opposition to Defendants' Objections. (Dkt. Nos. 44, 49, 51.) For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted and adopted in its entirety; Defendants' motion to strike the de Oliveria declaration is denied; Plaintiff's motion for conditional certification is denied without prejudice and with leave to renew if and when the completion of additional limited discovery yields facts and evidence that render such certification appropriate; and Plaintiff's motion to compel discovery is granted in part, as recommended by Magistrate Judge Hummel.

## I.    RELEVANT BACKGROUND

Because this Decision and Order is intended primarily for the review of the parties, and neither party has objected to Part I of Magistrate Judge Hummel's Report-Recommendation, which sets forth the procedural background of this action, the Court incorporates by reference that part of the Report-Recommendation, which is not clearly erroneous. (Dkt. No. 44, at Part I.)

### A.    Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation, Judge Hummel made the following recommendations: (1) that Defendants' motion to strike as inadmissible seven paragraphs of the

de Oliveira declaration (which was submitted in support of Plaintiff's motion for conditional certification) be denied, because (a) evidence submitted for the purpose of conditional certification need not be admissible, and (b) the Court possesses the power and ability to determine the weight to assign to declarations, including the de Oliveria's declaration; (2) that Plaintiff's motion to conditionally certify this matter as a collective action be denied, because it failed to demonstrate that Plaintiff and the potential class members were subject to a common unlawful policy or practice, but that such denial be without prejudice and with leave to renew if and when the completion of additional limited discovery yields facts and evidence that render such certification appropriate; and (3) that Plaintiff's motion to compel discovery be denied except that portion of the motion that requests the disclosure of the full names and last-known addresses of all structural, architectural, mechanical, and electrical designers employed by Defendants in the previous three years at all of their locations, because (a) whether to grant pre-certification discovery is entirely within the trial court's discretion, (b) here, pre-certification discovery of employee contact information will either enable Plaintiff to make a fuller showing at the conditional certification stage, or reveal that the collective action is not suitable for certification, and (c) Plaintiff has demonstrated a "compelling need" for certain pre-certification discovery (specifically, the potential plaintiffs' contact information), which need outweighs the minimal privacy concerns resulting from the release of the potential plaintiffs' contact information. (Dkt. No. 44, at Part II.)

**B.    Defendants' Objections to the Report-Recommendation**

Generally, in their Objections, Defendants take issue with only one portion of the Report-Recommendation: that portion of the Report-Recommendation which grants in part Plaintiff's

3

motion to compel discovery. (Dkt. No. 49.) More specifically, in their Objections, Defendants argue as follows: (1) to the extent that "[t]he recommendation orders Defendants to turn over to Plaintiff the [discovery in question]," the recommendation is subject to a clear-error standard of review, which it fails to meet; (2) the recommendation fails to meet this standard because, by filing his motion for conditional certification before he received a ruling on his motion to compel discovery, Plaintiff abandoned an argument that he needed the information sought in his motion to compel discovery in order to file a motion for conditional certification;[1] (3) in addition, the recommendation fails to meet this standard because requiring Defendants to provide contact information for the entire putative class nationwide without any finding by the Court that the potential class members are similarly situated (and indeed with a Report-Recommendation having found that Plaintiff has failed to demonstrate that he and the potential class members were subject to a common unlawful policy or practice) would (a) be unfairly prejudicial to Defendants, (b) allow for an inappropriate use of the judicial process, and (c) be an unnecessary departure from established case law governing the matter and essentially eliminate the need for any certification motion or two-step determination by the Court. (*Id*.)

    C.    **Plaintiff's Opposition to Defendants' Objections**

Generally, in his opposition to Defendants' Objections, Plaintiff opposes Defendants' request that the Court reject that portion of Magistrate Judge Hummel's Report-Recommendation which grants in part Plaintiff's motion to compel discovery. (Dkt. No. 51.) More specifically, in

---

    [1]    In support of their Objections, Defendants adduce the transcript of a discovery hearing in which Magistrate Judge Hummel stated that Plaintiff would not be required to file his motion for class certification until after his motion to compel discovery was decided. (Dkt. No. 49, Attach. 2)

4

his opposition, Plaintiff argues as follows: (1) it is not true that by filing his motion for conditional certification Plaintiff abandoned an argument that he needed the information sought in his motion to compel discovery, because the denial of a motion for conditional certification under 29 U.S.C. § 216(b) does not prevent a plaintiff from obtaining discovery of information to which he is entitled under Fed. R. Civ. P. 26(b)(1); and (2) according to the customary practice in the Second Circuit, Plaintiff is entitled to pre-certification discovery of certain limited information in wage-and-hour class actions in order to define the proposed class. (*Id*.)

In addition, in his "opposition," Plaintiff seeks the following three forms of relief: (1) an Order directing Defendants to provide the names and last-known addresses of "all putative class members nationwide"; (2) an Order equitably tolling the limitations period in this action until the time this Court rules on Plaintiff's renewed motion for conditional certification; and (3) an Order awarding Plaintiff attorneys' fees incurred in responding to Defendants' objections based on Defendants' "obstructionist and meritless conduct." (*Id*.)

**I.  GOVERNING LEGAL STANDARDS**

  **A.  Legal Standard Governing Review of a Magistrate Judge's Report-Recommendation**

Generally, when a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When

---

[2]  *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement

5

performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

---

with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.  **Legal Standard Governing Review of a Magistrate Judge's Non-Dispositive Order**

"When considering an appeal from a magistrate judge's ruling on a non-dispositive matter, a district court will modify or set aside any portion of the magistrate judge's ruling that it finds to be 'clearly erroneous or contrary to law.'" *Aquastore, Inc. v. Pelseal Techn., LLC*, 06-CV-0093, 2010 WL 610685, at *2 (N.D.N.Y. Feb. 17, 2010) (Scullin, J.) (quoting 28 U.S.C. § 636[b][1][A]; Fed. R. Civ. P. 72[a]). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp.2d 70, 74 (N.D.N.Y. 2000) (Scullin, J.).

III. **ANALYSIS**

After carefully reviewing all of the papers herein, including Magistrate Judge Hummel's Report-Recommendation, the Court can find no clear error in the Report-Recommendation. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds five points.

First, although Magistrate Judge Hummel could have issued a decision on Plaintiff's motion to compel discovery (which is non-dispositive in nature), he chose to issue a report-recommendation on it. The Court assumes that Magistrate Judge Hummel made this choice out

of an abundance of caution (i.e., because he found that "[c]ourts in this Circuit have disagreed over whether to grant precertification discovery or the breadth of the discovery to permit"), or perhaps because the motion to compel appeared to relate to the motion to conditionally certify, which is arguably dispositive in nature. Ordinarily, this choice would matter because, in this District, while a challenged order issued on a non-dispositive motion is reviewed for clear error, a challenged report-recommendation (which is usually issued on a dispositive motion) is usually reviewed *de novo*. However, under the circumstances, the Court finds that the appropriate level of review is one of clear error for the following reasons: (1) motions to compel discovery are among those most traditionally non-dispositive in nature; (2) Defendants appear to have conceded in their Objections that a clear-error standard of review is appropriate;[6] and (3) even if the ruling in question were properly construed as a report-recommendation, Defendants' challenge to it is too repetitive of their earlier arguments (made before Magistrate Judge Hummel) to entitle them to *de novo* review.

---

[6] The Court notes that several courts in other districts have indicated a belief that challenged report-recommendations on non-dispositive motions are subject to a clear-error standard of review. *See, e.g., Sudberry v. Warden, S. Ohio Corr. Facility*, 14-CV-0676, 2015 WL 4078106, at *1 (S.D. Ohio July 6, 2015) ("When objections to a magistrate judge's report and recommendation are received on a non-dispositive matter, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."); *Stamps v. Town of Framingham*, 38 F. Supp.3d 134, 139 (D. Mass. 2014) ("A party may object to a magistrate judge's report and recommendation on nondispositive matters. . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.") (internal citation and quotation marks omitted); *Va. Beach Racquet Club N. Assoc., L.P. v. Travelers Indem. Co. of Conn.*, 11-CV-0447, 2012 WL 32435, at *1 (E.D. Va. Jan. 5, 2012) ("When reviewing a magistrate judge's report and recommendation on non-dispositive matters, the Court does not conduct de novo review. Rather, it must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.") (internal quotation marks omitted).

Second, while the Court might have (in its discretion) reached a different conclusion *de novo* under the circumstances (e.g., based on [1] Fed. R. Civ. P. 23(c)(1)(A)'s directive that courts make a certification decision "at an early practicable time," and [2] a concern that Plaintiff's attorneys may use such information to impermissibly identify potential new clients, rather than to establish the appropriateness of certification, as suggested by the breadth of Plaintiff's original discovery requests), it can find no clear error or mistake of law in Magistrate Judge Hummel's conclusion, given the body of caselaw he relied on and the rationale he offered. Plaintiff's attorneys are, however, respectfully reminded of New York's rules governing their communications with prospective clients. *See, e.g.,* 22 N.Y. Comp.Codes R. & Regs. § 1200.0, 7.1(a)(1) ("A lawyer or law firm shall not use or disseminate or participate in the use or dissemination of any advertisement that . . . contains statements or claims that are false, deceptive or misleading.").

Third, while Defendants' "abandonment" argument may have some surface appeal, the Court must ultimately reject that argument, upon closer inspection. Among the weaknesses of the argument is the fact that Plaintiff asserted his argument that he needed the information sought in his motion to compel discovery before he asserted an argument that conditional certification was appropriate, rendering the latter argument akin to one that is alternative in nature, which is permissible. *Cf.* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient"). The Court notes that the doctrine of judicial estoppel would preclude Plaintiff from continuing to rely on the former argument only if he persuaded the Court to accept the latter argument, which

he did not do (and which, in any event, would have rendered his motion to compel moot, as he has acknowledged).

Fourth, should Plaintiff file a second motion for conditional certification, his counsel is advised that any affirmation submitted in support of that motion must be based on the affirmant's personal knowledge.[7] Of course, to the extent Plaintiff's counsel purports to possess personal knowledge of a document, he may not mischaracterize the contents of that document. While Magistrate Judge Hummel is certainly capable of assessing the extent to which the assertions of Plaintiff's counsel are not supported by the document on which he relies, Magistrate Judge Hummel should not have to spend his valuable time and effort doing so.

Fifth, to the extent that Plaintiff's "opposition" to Defendants' Objections request any forms of relief, those requests are denied on each of the following four alternative grounds: (1) to the extent that the requests constitute Objections to the Report-Recommendation, those Objections were not filed by the applicable deadline of June 1, 2015, and thus did not trigger a procedure by which Defendants could respond to them; (2) to the extent that the requests

---

[7] *See Nguyen v. Versacom, LLC*, 13-CV-4689, 2015 WL 1400564, at *4 (N.D. Tex. March 27, 2015) ("Although evidence offered at the notice stage need not be admissible at trial, the contents of affidavits and declarations still must be based on the personal knowledge of the affiant or declarant."); *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006) (The Court's determination that affidavits in support of motions for conditional certification need not meet all evidentiary standards for admissibility at trial does not mean that such affidavits need not meet *any* standards. On the contrary, affidavits submitted at the notice stage must be based on the personal knowledge of the affiant. If the Court were to conclude otherwise, affidavits submitted would not be any more probative than the bare allegations in the complaint, and the requirement of factual support would be superfluous.") (emphasis in original); *Simmons v. Valspar Corp.*, 10-CV-3026, 2011 WL 1363988, at *3 (D. Minn. Apr. 11, 2011) ("Some courts consider evidence that would be inadmissible in deciding motions for conditional certification. . . . The only clear requirement is that averments in support of a Motion for Conditional Certification must be based on personal knowledge.") (internal quotation marks and citations omitted).

constitute separate motions, they are unsupported by an affidavit as required by Local Rule 7.1(a)(2), and are largely (except the second request) unsupported by a memorandum of law, as required by Local Rule 7.1(a)(1); (3) because Plaintiff's second request was not filed properly (e.g., with a Notice of Motion), no deadline was set for the filing of a response by Defendants to Plaintiff's (subsequently filed) memorandum of law; and (4) in any event, each request is unsupported by a showing of cause.

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 44) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to strike the de Oliveria declaration (Dkt. No. 40) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to certify class (Dkt No. 34) is **DENIED** without prejudice and with leave to renew if and when the completion of additional limited discovery yields facts and evidence that render such certification appropriate; and it is further

**ORDERED** that Plaintiff's motion to compel discovery (Dkt. No. 29) is **GRANTED in part** such that Defendants shall turn over to Plaintiff, **within THIRTY (30) DAYS** of the date of this Decision and Order, a computer-readable data file of the full names and last-known addresses of all structural, architectural, mechanical, and electrical designers employed by Defendants at all of its locations in the three (3) years before the date of this Decision and Order; and it is further

**ORDERED** that Plaintiff's motion to compel is otherwise **DENIED**; and it is further

**ORDERED** that the discovery period is reopened and the discovery deadline is extended an additional **NINETY (90) DAYS** from the date of this Decision and Order; and it is further

**ORDERED** that, following the completion of discovery, Magistrate Judge Hummel shall re-set the dispositive motion deadline in this action.

Dated: September 11, 2015
       Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge