**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

VINCENT E. BOICE,

                       Plaintiff,

            v.                                     No. 1:14-CV-505
                                                       (GTS/CFH)

M+W U.S., INC., TOTAL FACILITY
SOLUTIONS, and M+W ZANDER
NY ARCHITECTS, P.C.,

                       Defendants.

_____

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                   **OF COUNSEL:**

Cooper, Erving Law Firm          CARLO ALEXANDRE C. DE OLIVERIA, ESQ.
39 North Pearl Street, 4th Fl.      PHILLIP G. STECK, ESQ.
Albany, New York 12207
Attorneys for Plaintiff

Jackson, Lewis P.C.               PETER M. TORNCELLO, ESQ.
18 Corporate Woods Blvd.       STEPHANIE L. GOUTOS, ESQ.
Albany, New York 12211         WILLIAM J. ANTHONY, ESQ.
Attorneys for Defendants

### REPORT-RECOMMENDATION AND ORDER[1]

       Presently pending before the undersigned is plaintiff Vincent E. Boice's renewed

motion for conditional class certification[2] and approved notice to the collective action

_____

    [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.3 (c).

    [2] The undersigned points out, as done in the May 14, 2015 Report-Recommendation and Order, Dkt. No. 44 at 23 n.6, that plaintiff's initial motion indicated that defendants "willfully violated the FLSA and New York Labor Law," Dkt. No. 34-1 at 1, but failed to set forth any argument for certification as a class action under Rule 23. In plaintiff's renewed motion, he makes no mention of seeking to certify under Rule 23 or New York Labor Law. See Dkt. No. 60. Accordingly, the undersigned proceeds with this review with the understanding that plaintiff is, at this time, solely seeking conditional certification pursuant to § 216(b)

class and for equitable tolling of the statute of limitations.  Dkt. No. 60.[3]  Defendants

have opposed the motion.  Dkt. No. 63.  Plaintiff filed a reply.  Dkt. No. 66.  For the

reasons that follow, it is recommended that the Court grant (1) plaintiff's motion to

conditionally certify the matter as a collective action pursuant to the Fair Labor

Standards Act ("FLSA"), and (2) plaintiff's motion seeking equitable tolling of the statute

of limitations.

## I.  BACKGROUND[4]

On May 14, 2015, the undersigned recommended that plaintiff's motions to

compel discovery be granted in part, requiring defendants to provide "full names and

last known addresses of all structural, architectural, mechanical, and electrical

designers employed by defendants in the three (3) years prior to the date of adoption of

this Report-Recommendation and Order at all locations," and denied "without prejudice

and with leave to renew upon the completion of additional limited discovery" his motion

to conditionally certify this matter as a collective action pursuant to § 216(b) of the

FLSA.  Dkt. No. 44 at 23-24.  Chief Judge Glen T. Suddaby adopted the Report-

Recommendation and Order in its entirety, and denied the request for additional relief

---

of the FLSA.

[3]  Plaintiff also sought equitable tolling of the statute of limitations in a separate motion,  Dkt. No. 56, which defendants opposed.  Dkt. No. 57.

[4]  The undersigned only recounts those facts and decisions necessary for review of the currently pending motion.  For a more detailed review of the amended complaint or procedural history in this matter, reference is made to the complaint, this Court's May 14, 2015 Report-Recommendation and Order, and the September 11, 2015 Decision and Order.  Dkt. Nos. 25, 44, 59.

set forth in plaintiff's "opposition" to defendants' objections.  Dkt. No. 59 at 11-12.

## II.  ANALYSIS

Accompanying his renewed motion to certify, plaintiff includes his own declaration plus those of seventeen other current or former employees of defendants who worked at various M+W facilities across the country.  Dkt. Nos. 60-2-60-19.  In support of their motion in opposition to plaintiff's renewed motion to certify as a collective action, defendants submit six declarations, the same as those submitted with their opposition to plaintiff's initial motion to certify, Dkt. No. 39, in addition to the offers of employment for all of plaintiffs' declarants.  See Dkt. No. 63.  Plaintiff argues, as he did in his initial motion for conditional certification as a collective action, now supported by seventeen declarations, that various designers who performed functions that included using CAD design software, worked over forty hours a week and were either paid straight time or not paid at all for excess hours, rather than being paid time and one-half, as plaintiff argues was required under the FLSA.  Dkt. No. 60-1 at 1.  Plaintiff argues that defendants' allegations that the designers had differing responsibilities across the disciplines and within disciplines, and were subject to differing pay practices, is not to be considered at the conditional certification stage.  Id. at 5-6.  Renewing his request for equitable tolling of the statute of limitations, plaintiff argues that such tolling is warranted due to defendants' "obstructive litigation and discovery tactics."  Dkt. No. 56 at 3; Dkt. No. 60-1 at 11 ("adopt[ing] and incorporat[ing] [plaintiff's] request for equitable tolling of the statute of limitations applicable to the putative class set forth in

3

his motion for equitable tolling currently pending before the Court [Doc. No. 56].").

### 1.   Pre-Discovery versus Post-Discovery Standard

Defendants argue that, because plaintiff's renewed motion is made after the close of discovery, the Court should apply a higher standard in making its determination whether to conditionally certify the matter as a collective action.  Dkt. No. 63 at 7 (citing Zivali v. AT&T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011) and Eng-Hatcher v. Sprint Nextel Corp., 07 Civ. 7350 (BSJ), 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009), defendants argue that the post-discovery standard should be applied which "requires Plaintiff to demonstrate, based upon the full factual record, a class of 'similarly situated individuals, in fact, exists."  Id.  The undersigned disagrees.

As the Second Circuit has set forth in Myers v. Hertz Corp., courts apply a "two-step method" to assess whether to conditionally certify a matter as a collective action:

> The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred.  See, e.g., Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258-62 (11th Cir. 2008); Damassia v. Duane Reade, Inc., No. 04 Civ. 8819, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) (Lynch, J.); Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y.1997) (Sotomayor, J.). The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.' . . . .
>
> At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have

4

> opted in are in fact 'similarly situated' to the named plaintiffs.
> The action may be 'de-certified' if the record reveals that
> they are not, and the opt-in plaintiffs' claims may be
> dismissed without prejudice. <u>See</u>, <u>e.g.</u>, <u>Family Dollar</u>, 551
> F.3d at 1261; <u>Hipp</u>, 252 F.3d at 1218.

<u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 555 (2d Cir. 2010), <u>cert. denied</u> 132 S. Ct. 368

(2011).

In <u>Zivali</u>, the District Court had granted conditional certification pursuant to the

FLSA, resulting in 4,100 opt-in plaintiffs and "extensive discovery, including deposition

discovery of 29 randomly selected opt-in plaintiffs." 784 F. Supp. 2d at 459. The Court,

in assessing whether to *decertify* the collective action, determined that the plaintiff failed

to demonstrate that the plaintiffs were "similarly situated for the purposes of a FLSA

collective action." <u>Id.</u> The Court also concluded that the plaintiff had failed to

demonstrate that the defendants' time policies violated the FLSA. Dkt. No. 462-63.

Thus, the question before the <u>Zivali</u> Court was not whether to apply the heightened

post-discovery standard to a conditional certification. The Court concluded that

discovery demonstrated that the defendants' "timekeeping system and formal corporate

policies are lawful under the FLSA, and plaintiffs have failed to show that these lawful

policies are consistently violated in practice such that it would be possible to generalize

across the 4,100 opt-in plaintiffs in this case." <u>Id.</u> Thus, as the Court in <u>Zivali</u> was

determining a motion to decertify a conditional collective action, this case stands for the

unexceptional and well-established concept that a heightened standard is applied

where a plaintiff is opposing a motion to decertify a collective action. <u>Id.</u>

In <u>Eng-Hatcher</u>, pending before the Court was the plaintiff's motion for

conditional certification as a collective action under FLSA § 216(b) and for class

certification pursuant to Fed. R. Civ. P. Rule 23.  Eng-Hatcher, 2009 WL 7311383.  In

Eng-Hatcher, the plaintiff "conducted several depositions and received hundreds of

documents from Defendants during their four-month discovery period."  Id. at *2.[5]  The

defendants argued that due to the plaintiff's extensive discovery over four months to

"uncover 'all discovery, of whatever nature, respecting whether plaintiff is similarly

situated to other prospective plaintiffs[,]" the plaintiff "should be judged under the more

rigorous second stage standard."  Id. at *3.  The Court did not reach this argument, as it

concluded that "such argument is moot" because the plaintiff "fails to meet even the

lenient standard for conditional class certification."  Id.  The Court based its

determination that the plaintiff did not meet the lower standard for conditional

certification on its finding that "that Plaintiff has not presented persuasive evidence that

it is likely Sprint has a common plan or practice requiring Retail Consultants to work

uncompensated overtime at many of its locations nationwide."  Id. at *3.  Addressing

the defendants' arguments that the plaintiff also failed to demonstrate that she was

similarly situated to other employees, the Court noted that "[t]here is no admissible

proof from or about any specific employee other than Eng-Hatcher (and her overly

general statements about others) that support her claim that Retail Consultants

commonly work unpaid overtime."  Id. at *4.  Accordingly, the Court denied plaintiff's

motion to conditionally certify under the FLSA.  Id. at *5.

---

[5]  In Eng-Hatcher, the plaintiff did not request conditional certification prior to obtaining discovery as to whether she was similarly-situated to the potential class.  See 2009 WL 7311383, at *1.

6

First, the undersigned does not find Eng-Hatcher supportive of defendants' arguments as the Eng-Hatcher Court did not need to reach the defendants' argument to hold the plaintiff to the higher second-step standard and did not perform an analysis of this argument, this case does not persuade the undersigned to adopt defendants' request for the higher post-discovery standard.  2009 WL 7311383, at *3.

Second, unlike in Eng-Hatcher, plaintiff's discovery regarding the potential class has been somewhat more limited.[6]  Indeed, plaintiff indicates that defendants have not provided certain of the requested discovery.  Dkt. No. 66 at 2-3.  To the Court's knowledge, plaintiff has not conducted depositions.  Further, the discovery plaintiff completed appears to have resulted in declarations from seventeen potential plaintiffs, whereas the four-month, extensive discovery in Eng-Hatcher resulted in "several depositions and . . . hundreds of documents from Defendants[.]"  2009 WL 7311383, at *2.  Unlike the plaintiff there, plaintiff's discovery has been less extensive.

Although the question "whether a higher standard . . . applies to motions to conditionally certify an FLSA collective made after discovery" was certified to the Second Circuit in Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528 (2d Cir. 2016), amending and modifying 791 F.3d 376 (2d Cir. 2015), the Court did not reach question. It does not appear that the Second Circuit has revisited this question in any subsequent case.  Thus, the undersigned concludes that there has been no steadfast rule applied that directing courts to apply the higher, post-discovery certification standard to a

---

[6]  The undersigned wishes to make clear that this is not to be read as determination on plaintiff's contention "that [d]iscovery in this matter is not closed."  Dkt. No. 66 at 2.

7

plaintiff who has participated in limited discovery, as opposed to the lesser, conditional certification standard that was set forth by the Second Circuit in <u>Myers</u> and is still good law.  Although the Court acknowledges that there may be circumstances that could arise where the depth of discovery warrants the application of more scrutinizing standard, which would appear akin to converting a motion for conditional certification to one for certification, such is not the case here.  Accordingly, the undersigned concludes that the appropriate standard to apply is the lesser, step one standard and that the fact that, in this case, plaintiff engaged in some discovery does not warrant application of the heightened, step two, post-discovery standard of review.

## 2.  **Does <u>Glatt v. Fox Searchlight Pictures, Inc.</u> set forth a new, heightened standard for FLSA conditional certifications?**

Defendants next contend that, even if this Court declines to apply the heightened post-discovery standard of review, the Second Circuit in <u>Glatt v. Fox Searchlight Pictures, Inc.</u> "recently refined and clarified . . . in several significant ways" "the pre-discovery standard for conditional certification."  Dkt. No. 63 at 7.  Defendants provide that <u>Glatt</u>

> made it clear that the initial step of the certification process – i.e., where the court first evaluates whether a putative class of similarly situated individuals exist – must involve consideration of the individual aspects of each putative class member's 'range of experience.'  And, where the record demonstrates that the putative class's range of experience varies in significant ways and cannot be addressed through generalized or common proof, conditional certification is inappropriate.

8

Id. at 7-8.  Plaintiff contends that Glatt, which involved review of whether unpaid interns were entitled to compensation as employees under the FLSA and New York State Labor Law, did not change the standard that should be applied to motions for conditional certification under the FLSA because (1) "it is undisputed that CAD designers are employees not exempt from FLSA";[7] (2) "Glatt involved the classification of 'unpaid interns' under the FLSA and the New York Labor Law"; and (3) "all references to Myers v. Hertz Corp. were in the context of the standard necessary for determining when common questions predominate over individual ones before a class can be certified pursuant to Rule 23(b)(3)."  Id. at 5.

The undersigned agrees that Glatt did not change the standard applicable to motions for conditional certification brought pursuant to FLSA.  Although Glatt did apply a heightened standard in considering a motion for conditional certification pursuant to the FLSA, it did so in consideration with the also pending motion to certify as a class action pursuant to Fed. R. Civ. P. 23.  As the Southern District of New York clearly laid out,

> absent a simultaneous motion for Rule 23 class certification, see Lou v. Ma Laboratories, No. C 12-5409, 2014 WL 68605, at *2, 4 (N.D. Cal. Jan 8, 2014) (recognizing that "Rule 23 . . . does not apply to the proposed FLSA collective action," but holding that where conditional certification sought at "advanced stage" of litigation and in tandem with Rule 23 certification "the concerns of [counsel's adequacy] do [apply]."), courts refuse to entertain arguments that

---

[7]  Although the undersigned agrees that defendants do not seem to contest that the designers were employees, it appears to the undersigned that defendants do dispute that at least some of the CAD designers are exempt.  See, e.g., Dkt. No. 39 at 3 ("[S]ome of M+W's Designers are classified as non-exempt while others fall into the highly compensated exception as they make more than $100,000 annually.").

9

> counsel for a putative collective should be adjudged
> inadequate at the conditional certification stage.

Agerbrink v. Model Serv. LLC, No. 14CIV7841JPOJCF, 2016 WL 406385, at *2 (S.D.N.Y. Feb. 2, 2016) (emphasis added); see also Ruiz v. Citibank, N.A., 93 F. Supp. 3d 279, 298-99 (S.D.N.Y. 2015) ("Given this harmony of animating principles, it is not a mere coincidence that courts facing parallel motions to decertify an FLSA collective action under Section 216(b) and to certify a class action under Rule 23 have tended to allow either both actions or neither to proceed on a collective basis.").  In Glatt, the plaintiff was simultaneously pursuing a motion to conditionally certify under the FLSA and a motion for a class action pursuant to Fed. R. Civ. P. 23.  811 F.3d at 534. Further, as the question relevant to the Rule 23 assessment was whether the potential plaintiffs in Glatt had an employment relationship with the defendant, this question would also seem to be relevant in the FLSA conditional collective certification analysis. Thus, in concluding that the Court "cannot, on the record before us, conclude that the plaintiffs in Antalik's proposed collective are similarly situated, even under the minimal pre-discovery standard[,] , it does not appear that the Second Circuit was applying the "new test" for determining whether an intern is an employee under Rule 23 to the FLSA similarly-situated analysis for conditional certification, rather it was observing that it would be incongruous to conclude under Rule 23 that the plaintiff failed to prove that the internship created an employment relationship but then conclude that the

employees were similarly situated under the FLSA.[8]  The undersigned declines to find that the Second Circuit in Glatt intended to have its new Rule 23 test applied as a substitute to the two-step Myers standard in cases where the court solely is reviewing an FLSA motion for conditional collective certification that has not been simultaneously filed with a Rule 23 motion.[9]

The undersigned's conclusion that Glatt did not heighten the standard generally applied to motions to conditionally certification as a collective action pursuant to FLSA § 216(b), as pointed out by plaintiff, is supported by other courts in this Circuit that have reviewed this argument, though for differing reasons.  See, e.g., Barrett v. Forest Labs., Inc., 12-CV-6224 (RA)(MHD), 2015 WL 5155692, at *12 n.2 (S.D.N.Y. Sept. 2, 2015) (noting that the Glatt Court, in addressing the plaintiff's FLSA conditional certification, "reasoned that the 'common proof' did not address the questions raised by the 'primary beneficiary' test, and it therefore remanded for further consideration . . . . By contrast, in this case, there is no dispute that plaintiffs are employees, and plaintiffs' evidence, showing their parallel experiences in the same job position, subject to the same corporate policies regarding hiring, starting pay scales, and performance reviews, amply addresses the question of whether they were 'similarly situated.'"); Mendoza v. Little

_____

[8]  In making this conclusion, the undersigned's reading of this case is not that the Second Circuit was applying the "new test" for determining whether an intern is an employee under Rule 23, but that, because of its determination that the plaintiffs failed to demonstrate that the interns were employees, the Court could not conclude, even under the "minimal pre-discovery standard" that the interns were similarly situated.

[9]  This reading of Glatt is further supported by the fact that the Second Circuit explicitly noted that the "new test" set forth in the decision was "for when an internship program creates an employment relationship."  Glatt, 811 F.3d at 540.

11

Luke, Inc., No. CV 14-3416 (JS/AYS), 2015 WL 5918580, at *4 (E.D.N.Y. Oct. 9, 2015)

(distinguishing the case at bar from Myers and Glatt as "there is no issue with respect to

whether the members of the putative collective are non-exempt employees" and

concluding that the "standard of proof is low" on a motion to conditionally certify

pursuant to section 216(b).").   Accordingly, the undersigned concludes that Glatt does

not set forth a new test to apply to motions for conditional collective certification brought

solely pursuant to the FLSA, and that the two-step approach in Myers is still good law.


   **3. Has plaintiff demonstrated that the potential plaintiffs are similarly situated?**

      In the May 14, 2015 Report-Recommendation and Order, the undersigned

declined to grant plaintiff's initial motion for conditional certification, noting that case law

provided that, at the initial step of conditional certification pursuant to the FLSA, in order

to "'demonstrate that other potential plaintiffs are similarly situated to him . . . a plaintiff

must make only a modest factual showing sufficient to demonstrate that he and

potential plaintiffs together were victims of a common policy or plan that violated the

law.'"  Dkt. No. 44 at 11 (quoting Scholtisek v. Eldre Corp., 229 F.R.D. 381, 387

(W.D.N.Y. 2005).  Further, the undersigned noted case law indicating that "[a] plaintiff's

burden at the first step may be satisfied with 'substantial allegations' of a factual nexus

between named plaintiffs and potential opt-in plaintiffs with regard to their employer's

alleged FLSA violation." Id. at 12 (quoting Cohen v. Gerson Lehrman Grp., Inc., 686 F.

Supp. 2d 317, 326 (S.D.N.Y. 2010).  Finally, the undersigned noted that case law

supports that the Court is not to evaluate the merits of a plaintiff's FLSA claims at the

first step. Id. (citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 174 (1989)).

Finally, the undersigned set forth in the May 2015 Report-Recommendation and Order:

"'[t]o balance the parties' competing affidavits at this stage would require us to

determine the facts, determine credibility of deponents, and resolve legal contentions,

all of which we are directed to avoid.'" Dkt. No. 44 at 14 (quoting Ruggles v. WellPoint,

Inc., 591 F. Supp. 2d 150, 157-58 (N.D.N.Y. 2008).

     In the May 2015 Report-Recommendation and Order, the undersigned observed

that the only declaration plaintiff provided was his own in support of the motion for

conditional collective certification. Dkt. No. 44 at . Relying on, inter alia, Zheng v. Good

Fortune Supermarket Grp. (USA), Inc., et al., 13-CV-60 (ILG), 2013 WL 5132023, at *2

(E.D.N.Y. Sept. 12, 2013), the undersigned determined that plaintiff's declaration alone

was too conclusory, and, thus, insufficient to demonstrate that plaintiff and the potential

plaintiffs were similarly situated. Id. at 17-18. Acknowledging that additional

declarations have not always been required by courts in reviewing motions for

conditional collective certification under § 216(b) FLSA, the undersigned pointed out

that plaintiff did not provide "any detail regarding the conversations he had with these

coworkers, such as the names or positions of these designers, the dates of these

conversations, or any details surrounding the conversations" nor did he "explain how he

was aware that employees at defendants' other locations were subject to the same

allegedly unlawful overtime compensation policy, despite only having worked at the

Watervliet location." Id. at 18.

     Appended to plaintiff's renewed motion to conditionally certify are declarations

13

from seventeen individuals who were, at one time or another, designer employed by defendants. See Dkt. No. 60. Within these declarations are statements from each designer indicating that he or she is or was an employee of defendants, worked in excess of forty hours per week, and was not paid time and one-half for the overtime work, but instead was paid straight-time or not paid at all for the excess hours. See Dkt. Nos. 60-2–60-19. Although the declarations do set forth some differing responsibilities among the designers, each designer indicated that his or her Computer Aided Design ("CAD") work and related duties made up at least fifty percent of his or her work duties. See id.; Ruggles, 591 F. Supp. 2d at 517; Rudd v. T.L. Cannon Corp., 10-CV-0691 (TJM/DEP), 2011 WL 831446, at *9 (N.D.N.Y. Jan. 4, 2011) ("[P]laintiffs have made the requisite modest showing that they and other former employees . . . are similarly situated, notwithstanding the fact that they may have occupied different job descriptions."). These affidavits demonstrate that designers at the Arizona; Oregon; New Mexico; Texas; Fishkill, New York; and Malta, New York offices allegedly worked overtime of more than forty hours per week and were paid either straight time or not paid at all for hours worked in excess of forty per week. See Dkt. Nos. 60-2–50-19. The undersigned concludes that these affidavits suffice to demonstrate, at this initial stage, that plaintiff and the potential plaintiffs were subject to a common plan or policy that violated the law. See Scholtiek, 229 F.R.D. at 387. Although defendants submit declarations and offers of employment, in part to support their argument that plaintiff and potential plaintiffs were paid in accordance with the law, "at this initial stage, the Court does not resolve these sorts of factual disputes." See Iriarte v. Cafe 71, Inc., No.

14

15 CIV. 3217 (CM), 2015 WL 8900875, at *4 (S.D.N.Y. Dec. 11, 2015) (citing Pippins v. KPMG LLP, No. 11 Civ. 0377(CM)(JLC), 2012 WL 19379 at *12 (S.D.N.Y. Jan. 3, 2012) and Kim v. 511 E. 5th St., LLC, 985 F. Supp. 2d 439, 449 (S.D.N.Y. 2013) ("[I]f [P]laintiff's allegations are sufficient on their face to support conditional certification, . . . Defendant may not defeat the Plaintiff's motion by presenting conflicting factual assertions.")).  Accordingly, it is recommended that plaintiff's motion for conditional certification as a collective action pursuant to FLSA section 216(b) be granted.


### 4. What is the proper scope of the conditional collective?

Plaintiff proposes that the conditional collective should include "all current and former designers, and others with comparable work duties, who worked for defendants and who were not paid overtime at a rate of time and one half (1 ½) their regular rate of pay by the defendants."  Dkt. No. 60-1 at 8.  Plaintiff argues that defendants alleged violations of the FLSA were willful.  Dkt. Nos. 25 at 2, 4; 60-1 at 1.  Plaintiff further argues that the collective should "cover three years preceding September 11, 2015 pursuant to the Court's accepting and adopting Magistrate Hummel's Report and recommendation and Order."  Id. at 8-9.  Defendants, by contrast, argue that "the scope of any collective action should be limited to exempt Structural Designers who are located in New York" because "the record evidence offered by Defendants in this case, which illustrates the glaring differences among the different types of M+W Designers, makes it clear that the overly broad class proposed by Plaintiff cannot survive.  Dkt. No. 63 at 25.  Defendants contend that, because plaintiff "has not set forth any factual or

15

evidentiary basis to support his allegations of willfulness," and the statute of limitations is two years absent a determination of willfulness, the class should be limited to persons who worked "two years prior to any such order" that may be issued by this Court. Id. at 26.

The statute of limitations for FLSA violations under 29 U.S.C. § 255(a) is three years if the violation was willful. 29 U.S.C. § 255(a). Non-willful violations are subject to a two-year statute of limitations. Id. "'[T]o prove a willful violation of the FLSA within the meaning of §255(a), it must be established that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" Parada v. Banco Indus. De Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014) (quoting Reich v. Waldbaum, Inc., 52 F.3d 35, 39 (2d Cir. 1995); see also Banford v. Entergy Nuclear Operations, Inc., ___ F. App'x ___, 2016 WL 2956804, at *3 (2d Cir. May 23, 2016) (summary order). Further, where "an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful.'" Id. It is a plaintiff's burden of proof to demonstrate "willfulness for statute of limitations purposes." Id. (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 141 (2d Cir. 1999)).

Here, plaintiff has not set forth any evidence supporting how the alleged FLSA violation was willful. However, the question of willfulness of an FLSA violation "is generally left to the trier of fact." Johnson v. Wave Comm GR LLC, 4 F. Supp. 3d 423, 433 (N.D.N.Y. 2014) (citing Solis v. SCA Rest. Corp., 938 F. Supp. 2d 380, 393 (E.D.N.Y. 2013). "Because defendants' position on this issue improperly invites the

16

court to engage in a review of the merits of plaintiffs' claims, I will approve preliminary certification of the case a collective action for employees utilizing the expanded, three year period." Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 209 n.9 (N.D.N.Y. 2009) (citing Roebuck v. Hudson Valley Farms, Inc., 239 F. Supp. 2d 234, 240 (N.D.N.Y. 2002) and Ohsann v. L.V. Stabler Hosp., 07-cv-875 (WKW), 2008 WL 2468559 (M.D. Ala. June 17, 2008)). Further "'because equitable tolling issues often arise as to individual opt-in plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date.'" Zaldivar v. JMJ Caterers, Inc., No. CV-14-924 (SJF/AKT), __ F. Supp. 3d. __, 2016 WL 792404, at *9 (E.D.N.Y. Feb. 26, 2016) (citaton omitted).

Accordingly, at this time, the undersigned finds appropriate to allow conditional certification for the longer, three-year period. The undersigned, in doing so, is making no determination on the merits of plaintiffs' wilfulness allegation, and should not be seen as making a determination as to the proper statute of limitations to be applied to the FLSA claims in this action. The undersigned further notes that the recommendation that plaintiff be permitted to seek potential plaintiffs within a three-year period should not be read to preclude defendants from raising in the future any arguments that the statute of limitations in this matter should be limited to two years should plaintiff fail to present sufficient proof on the issue of willfulness.

The undersigned finds that the appropriate class should be as follows, all current and former designers from any M+W location within the United States who worked

17

more than forty hours per week but were not paid time and one-half of their regular rate

of pay by defendants and were instead paid straight time – their regular rate of pay – or

were not paid for any overtime hours.  The undersigned declines to include within the

conditional collective the amorphous and undefined group "others with comparable

work duties," as plaintiff has failed to demonstrate that there would be such individuals

who do not work as designers but whose duties were substantially similar to those

performed by designers.  The three-year notice period should run from the date that

plaintiff filed his initial complaint, April 30, 2014.  Dkt. No. 1; see, e.g., Mongiove v.

Nate's Corp., 15-CV-1024 (NGG/RML), 2016 WL 590460, at *6 (E.D.N.Y. Feb. 11,

2016) (determining that proper notice period is three years – to match the longest

statute of limitations period under the FLSA – and the notice period should be within

three years prior to the filing of the complaint).


### 5.  Request for potential plaintiffs' information

Plaintiff argues that the defendants should be ordered to provide him with the

potential plaintiffs' e-mail addresses, telephone numbers, and last four digits of their

social security numbers.  Plaintiff contends that "[t]he purpose of having this information

is to assist in locating individuals within the time allowed in the court's authorized notice

in the event the notice is returned as undeliverable or a designer's address is

unavailable," and argues that, if he is not provided with this additional information,

"plaintiff will be unable to notify putative class members of their rights to opt in this

action."  Dkt. No. 60-1 at 9-10.  Further, plaintiff provides that defendants produced a

18

list of 307 current and former designers, but that he was unable to reach thirty-three of these individuals "because the address provided was undeliverable." Id. at 9. Plaintiff also notes that "at least one (1) individual known to the Plaintiff to be a designer employed by one of the defendants was omitted from Defendants' list of current and former designers or individuals with similar job duties that defendants had been ordered to produce." Id. (citing Decl. of Beazer).

Given the "inherently private" nature of the information sought, the undersigned declines, at this time, to order defendants to produce the e-mail addresses, telephone numbers, or partial social security numbers for all of the potential plaintiffs. Colozzi, 595 F. Supp. 2d at 210 (citing Ruggles, 591 F. Supp. 2d at 163). Plaintiff has largely failed to demonstrate that e-mail addresses, telephone numbers, and partial social security numbers are necessary in order to contact the potential plaintiffs. See Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 60 (S.D.N.Y. 2009). Of the over three hundred names defendants provided to plaintiff, it appears that plaintiff was unsuccessful in making contact with just thirty-three individuals. Dkt. No. 60-1 at 9. As plaintiff has failed to demonstrate that he was unable to contact the remaining 274 individuals by mail, the undersigned determines that plaintiff has not demonstrated that additional identifying information is necessary for communication with this portion of the potential plaintiffs. As to the remaining thirty-three individuals for whom the mail was returned as "undeliverable," the undersigned recommends that defendants be ordered to provide the last known telephone number, to the extent that defendants have such information.

The undersigned further recommends that, should the District Judge adopt the

19

undersigned's recommendations, within fourteen (14) days of the entry of the District Judge's Decision and Order adopting this Report-Recommendation and Order, defendants be ordered to (1) review their records to see whether there are any current or former employees who fall within the proposed class beyond those 307 names already provided to plaintiff, and if such review reveals there are additional persons who were previously omitted, these names, addresses, and telephone numbers[10] are to be provided to plaintiff within that fourteen day period, and if such search reveals no additional names, such representation must also be provided to plaintiff in writing within that fourteen day period; and (2) provide plaintiff with the telephone numbers of the thirty-three designers whose addresses were determined by plaintiff to be "undeliverable."

### 6. Notice

#### i. Review of Plaintiff's Proposed Notice

Plaintiff has provided the Court with a proposed notice to the potential collective. Defendant opposes the proposed notice on the following grounds: (1) the notice should be limited to two years prior to the filing of any order granting the conditional collective certification, (2) "the language in the proposed notice is unnecessarily biased and must be modified to reflect judicial neutrality," (3) "[p]utative class members should also be

---

[10] Although there is no indication that plaintiff will be unable to locate any potential additional plaintiffs by mail, in light of timeliness and, giving defendants the benefit of the doubt that they provided all – or nearly all if it is the case that one or more names were accidentally excluded in the list of 307 names provided to plaintiff – of the names of designers to plaintiff, the undersigned finds that providing the telephone numbers is warranted in this limited manner, as any omitted names should have been given to plaintiff at the same time the original list of 307 potential plaintiffs was provided.

advised that they may be responsible for court costs if the claim is unsuccessful," and

(4) the notice must include "a statement that, if they join the lawsuit, they may be

required to provide documents, answers to interrogatories, sit for a deposition, or testify

in Court."  Dkt. No. 63 at 26-27.  Although making clear of their position that "collective

action certification is wholly unwarranted," defendants request that "in the event the

Court grants Plaintiff's Renewed Motion, M+W requests leave of the Court to file a

substitute proposed notice that complies with the Supreme Court's requirements set

forth in Hoffman-LaRoche, Inc. and cures the fatal deficiencies in the proposed notice."

Id. at 26.

    In the undersigned's May 14, 2015 Report-Recommendation and Order, the

Court indicated to the parties that, "in the event that the District Judge adopts these

findings and, thereafter, plaintiff chooses to file a renewed motion for conditional class

certification, it is recommended that the parties attempt to reach a consensus on the

language of the notice."  Dkt. No. 55 at 19 n.5.  It does not appear that the parties

attempted to agree to terms of a proposed notice, though undersigned, based on the

frequent hyperbolizing surrounding each parties' descriptions of their opponents'

actions set forth within the submissions on this motion, that any such attempts would

prove fruitful.  Defendants provided detailed opposition to plaintiffs' proposed notice

and set forth several points of objection and demands for what the notice should not

include, and argued that the language failed to reflect judicial neutrality, but did not

provide the Court with its own proposed notice.  The undersigned notes that it would

have been a more efficient use of judicial resources had defendants submitted a

proposed notice with their motion in opposition.  As the undersigned believes this matter has already been pending for far too long, the undersigned recommends a denial of defendants' request to submit a proposed notice.  The undersigned has taken defendants' specific objections to plaintiff's proposed notice into consideration in setting forth the approved notice, and does not wish to delay this case any further, which would necessarily occur should the undersigned permit defendants to submit their proposed notice, permit plaintiff an opportunity to respond to such proposed notice, and then perform review of this proposed notice.  Delaney, 261 F.R.D. at 59 ("Under the FLSA, the content of the notice is left to the court's discretion."); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 105-06 (S.D.N.Y. 2003) ("No courts have specifically outlined what form court-authorized notice should take, or what provisions notice issued pursuant to § 216(b) should contain.").  Instead, the undersigned believes that any additional concerns defendants have with plaintiff's proposed notice should have been raised in their opposition papers, and specific objections to the undersigned's proposed notice certainly may be raised, should defendants deem necessary, in timely-filed objections to the Report-Recommendation and Order.  The Court's proposed notice is appended to this Report-Recommendation and Order for review of the District Judge.

First, for the reasons stated in the above section, section II, 5, supra, the undersigned finds that the notice may properly set forth a relevant time period of three years within plaintiff's filing of his initial complaint, March 30, 2014.  Dkt. No. 1.  Next, the undersigned agrees with defendants that the notice should inform potential plaintiffs

of additional duties that may arise should they opt-in to this action.  Dkt. No. 63 at 26.

Although plaintiff's proposed notice indicates that "you may be required to provide

information and documents, or otherwise participate in this action[,]" Dkt. No. 60-1 at

19, alerting potential plaintiffs – many who may reside far outside of New York – that

they may be required to travel to the Northern District of New York for depositions, trial,

or other obligations more properly reflects the potential responsibilities of opting in as a

plaintiff in this action.  See, e.g., Johnson v. Carlo Lizza & Sons Paving, Inc., 15 Civ.

7423 (PAE), __F. Supp. 3d __, 2016 WL 524640 (S.D.N.Y. Feb. 5, 2016).

        Next, defendants, citing to a Northern District of California case, argue that

providing a court caption on the notice is improper as it suggests a lack of neutrality on

behalf of the Court.  Dkt. No. 63 at 26 (citing Prentice v. Fund for Pub. Interest

Research, Inc., C-06_776SC, 2007 WL 2729187 (N.D. Cal. Sept. 18, 2007) ("Including

the full caption may give a false impression of judicial endorsement of Plaintiffs' position

where none exists.").  In Fengler v. Crouse Health Sys., Inc., 634 F. Supp. 2d 257, 262

(N.D.N.Y. 2009), the Court concluded that, where the Magistrate Judge "delet[ed]

'United States District Court' and replac[ed] it with 'Notice of Lawsuit with Opportunity to

Join[,]'" such change was not "clearly erroneous or contrary to law not to include the

court caption."  Here, the undersigned finds it unlikely that the potential plaintiff's will

believe that the Court or its judges endorse plaintiff's position by including the Court's

caption on the notice, and, thus, declines to remove the caption from the proposed

notice.  Any potential "false impression" can be cured by inclusion of a clear statement,

immediately underneath the caption, that neither the Northern District of New York, or

23

the assigned judges to this action, have taken any position with regard to the merits of plaintiff's claims or of defendants' defenses.  Further, to ensure complete neutrality, it appropriate to indicate within the notice that the mere fact that the lawsuit has been commenced is no indication of the likelihood of success on the merits, and that the undersigned has made no determination on the merits of plaintiff's or potential plaintiffs' success on the merits of his/their claims.

Defendants next argue that potential plaintiffs should be informed that they could be responsible for paying costs should their claim be unsuccessful.  Dkt. No. 63 at 26 (citing Camp v. The Progressive Corp., 2002 U.S. Dist. LEXIS 21903, at *31 (E.D. La. Nov. 8, 2002).  Case law supports the addition of language regarding potential plaintiffs' potential liability for costs only where defendants show an intention to bring counterclaims.  See Fengler, 634 F. Supp. 2d at 262; Guzman v. VLM, Inc., 07-cv-1126 (JG/RER), 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007).  Here, it does not appear that defendants have raised counterclaims nor do they argue that they intent do raise them.  See Dkt. No. 28.  Thus, the undersigned finds inclusion of language regarding potential liability for court costs is unnecessary.

The undersigned observes that plaintiff has indicated in his proposed notice that "[d]efendants deny the claims and have asserted various defenses[,]" Dkt. No. 60-1 at 18.  The undersigned finds it appropriate to sua sponte expand the details regarding defendants' position on the allegations to inform the potential plaintiffs as follows: "Defendants deny plaintiff's claims that they violated, willfully or otherwise, the Fair Labor Standards Act for overtime pay or the New York State Labor Law, as they paid

their employees the proper amount as required by state and federal law."  In addition, the undersigned observes that, to the right of the caption, plaintiff proposes including a heading that states "FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION."  Dlt No. 60-1 at 14.  As the undersigned does not have before it a motion to certify a class action pursuant to Rule 23, and is recommending approval of a conditional collective action, it is recommended that the appropriate heading for the notice is "FLSA CONDITIONAL COLLECTIVE ACTION."  Finally, the undersigned believes that the consent form should follow the notice form, as it is the notice form which informs the potential plaintiffs of the circumstances of the lawsuit; thus, the notice form should be read before the consent form in order to avoid confusion for potential plaintiffs.

The undersigned has reviewed with care the remainder of plaintiff's proposed notice and does not find concern surrounding the neutrality of its language or content. Accordingly, the undersigned recommends that, with the incorporation the various clarifications and modifications indicated above, plaintiff's proposed notice be accepted.

### ii.  Recommended Notice and Consent Form

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

VINCENT E. BOICE,
                              Plaintiff,                **FLSA CONDITIONAL**
                                                        **COLLECTIVE ACTION**

            v.                                              No. 1:14-CV-505
                                                            (GTS/CFH)
M+W U.S., INC., TOTAL FACILITY
SOLUTIONS, and M+W ZANDER

NY ARCHITECTS, P.C.,

                              Defendants.
_____

*Neither the Northern District of New York, or the assigned judges to this action, have taken any position with regard to the merits of plaintiff's claims or of defendants' defenses.*

## NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN

**TO**:   current/former employee of M+W U.S., INC. (formerly known as M+W Zander Operations, Inc,), TOTAL FACILITY SOLUTIONS, INC. and M+W ZANDER NY ARCHITECTS, P.C. (collectively, "Defendants"), who work and/or worked as a "Designer" during any time between _____ and _____, and who was not paid overtime wages by Defendants at a rate of time and one-half (1 ½) my regular rate of pay for hours worked over forty (40) hours in a work week, and instead was paid straight-time (regular rate of pay) or was not paid for any hours worked over forty hours per work week.

The purpose of this notice is to inform you that a lawsuit has been filed against M+W U.S., INC. (formerly known as M+W Zander Operations, Inc.), TOTAL FACILITY SOLUTIONS, INC., and M+W ZANDER NY ARCHITECTS, P.C. for unpaid overtime wages, and that you may be eligible to join the lawsuit.  You may be eligible to join the lawsuit because you may be similarly situated to the person who initially brought this lawsuit.

This notice advises you on how your rights may be affected by this lawsuit and how to participate in this lawsuit, if you decide that you wish to participate.

## 1.  DESCRIPTION OF THE LAWSUIT

Plaintiff Vincent E. Boice filed this lawsuit against M+W U.S., INC. (formerly known as M+W Zander Operations, Inc.), TOTAL FACILITY SOLUTIONS, INC., and M+W ZANDER NY ARCHITECTS, P.C. on May 7, 2014.  The Plaintiff alleges that Defendants violated the Federal Fair Labor Standards Act by not paying eligible employees overtime compensation at the rate of time and one half (1 ½) for all hours worked in excess of forty (40) hours in a work week, instead paying either straight time (regular rate of pay) or not paying for any hours over forty.  The lawsuit is seeking back pay and liquidated damages (a payment equal to the amount of unpaid wages that may be awarded under certain circumstances) under the Federal Fair Labor Standards Act for workers not paid overtime correctly) for eligible employees, as well as costs and attorneys' fees.   Defendants deny plaintiff's claims that they violated, willfully or otherwise, the Fair Labor Standards Act for overtime pay or the New York State Labor

Law, as they paid their employees the proper amount as required by state and federal law.  The fact that the lawsuit has been commenced is no indication of the likelihood of success on the merits, and that Court has made no determination on the merits of plaintiff's claims.

## 2.  WHO MAY JOIN THE LAWSUIT

Plaintiff Vincent E. Boice seeks to sue on behalf of himself and also on behalf of other employees or former employees of defendants who are similarly situated. Specifically, Plaintiff seeks to sue on behalf of all current and former Designers who work/worked for Defendants in any of its United States locations during the three-year period from _____ to _____, and who were not paid overtime at a rate of one and one half (1 ½) their regular rate for hours worked in excess of forty (40) hours per week in a work week, and were instead paid straight time (regular rate of pay) or were not paid at all for hours worked in excess of forty (40) hours in a work week.

## 3.  ACTION TO TAKE IF YOU WANT TO PARTICIPATE IN THIS LAWSUIT

It is entirely your decision whether to join this lawsuit.  If you fit within the description of the class members above, you may join this case (that is, you may "opt in" to this case) by completing and mailing or faxing the attached "Consent to Become a Party Plaintiff" form to plaintiff's attorney at the following address:

Carlo A.C. de Oliveria, Esq.
Cooper Erving & Savage, LLP
39 North Pearl Street, Fourth Floor
Albany, New York 12207
Phone: (518) 449-3900
Fax: (518) 432-3111
E-mail: cdeoliveria@cooperirving.com

**The consent form must be received by plaintiff's counsel <u>within sixty (60) days</u> from the date of this Notice**.  If you fail to return the Consent to Become a Party Plaintiff form within this time, you will not be able to participate in this lawsuit.

## 4.  EFFECTS OF JOINING THIS LAWSUIT

If you choose to join, or opt-in, this lawsuit, you will be bound by the Judgement for this lawsuit, whether it is favorable or unfavorable.  While this lawsuit is occurring, you may be required to provide information or documents, appear for depositions and/or appear for trial <u>in the Albany, New York area</u>, and otherwise participate in this lawsuit.

If you submit a consent form, your continued right to participate in this action will

depend on a later decision by the Court that you and the named plaintiff, Vincent E. Boice are "similarly situated" in accordance with applicable laws, and that it is appropriate for this case to proceed as a collective action.

The attorneys for Plaintiff Vincent E. Boice are being paid on a contingency fee basis, which means that if there is no recovery (award for plaintiff[s]), there will be no attorneys' fee. If there is a recovery, the attorneys for the class of plaintiffs will receive a party of any settlement obtained, or money judgment entered, in favor of all members of the class.

If you sign and return the Consent to Become a Party Plaintiff form attached to this Notice, you are agreeing to enter into an agreement with Plaintiff Vincent E. Boice's attorneys concerning attorneys' fees, costs, and all other matters pertaining to this lawsuit. You are agreeing that Plaintiff's attorneys will also serve as your attorneys as it relates to this lawsuit. You may also join this lawsuit by retaining another lawyer of your own choosing. If you do so, your attorney must file an "opt-in" consent form within sixty (60) days from the date of this Notice. The address of the Court is:

United States District Court, Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

The phone number for the Clerk of the United States District Court, Northern District of New York is (518) 257-1800. <u>The Clerk of the Court cannot give you legal advice about this case.</u>

The Court will retain jurisdiction to determine the reasonableness of any contingency attorneys' fee agreement entered into by the Plaintiff with his attorneys and to determine the adequacy of the Plaintiff's attorneys.

## 5. ACTION TO TAKE TO STAY OUT OF THIS LAWSUIT

If you <u>do not</u> wish to be a part of this lawsuit, you do not need to do anything. If you do not join the lawsuit by filing the consent form within sixty (60) days of the date of this Notice, you will not be part of the lawsuit in any way, and will not be bound or affected by the result of the lawsuit, whether favorable or unfavorable to plaintiff. Your decision to decline to join the lawsuit will not affect your right to bring a lawsuit on your own at a future time relating to your potential right to overtime wages. However, claims brought under the federal Fair Labor Standard Act must be brought within two (2) years of the date the claim accrues, unless the employer's alleged violation of the law was "willful," in which case the claim must be brought within three (3) years.

## 6. NO RETALIATION PERMITTED

Federal law prohibits the Defendants from discharging, or in any other matter

discriminating against you because you choose to join ("opt-in") to this case, or in any other way exercise your rights under the Fair Labor Standards Act.

## 7. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, and agree to be represented by plaintiff Vincent E. Boice's attorney, rather than retain separate counsel to act as your attorney, your attorneys in this lawsuit will be:

Carlo A.C. de Oliveria, Esq.
Phillip G. Steck, Esq.
Cooper Erving and Savage LLP
39 North Pearl Street, Fourth Floor
Albany, New York 12207
Phone: (518) 449-3900
Fax: (518) 432-3111
E-mail: cdeoliveria@cooperirving.com

DATE OF NOTICE: _____, 2016

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

VINCENT E. BOICE,

               Plaintiff,           **FLSA CONDITIONAL**
                                     **COLLECTIVE ACTION**

          v.                         No. 1:14-CV-505
                                     (GTS/CFH)

M+W U.S., INC., TOTAL FACILITY
SOLUTIONS, and M+W ZANDER
NY ARCHITECTS, P.C.,

               Defendants.
_____
_Neither the Northern District of New York, or the assigned judges to this action, have taken any position with regard to the merits of plaintiff's claims or of defendants' defenses._

## <u>CONSENT TO BE A PARTY PLAINTIFF</u>

I am a current/former employee of M+W U.S., INC. (formerly known as M+W

Zander Operations, Inc,), TOTAL FACILITY SOLUTIONS, INC. and M+W ZANDER NY ARCHITECTS, P.C. (collectively, "Defendants"), who work and/or worked as a "Designer" during any time between _____ and _____, and who was not paid overtime wages by Defendants at a rate of time and one-half (1 ½) my regular rate of pay for hours worked over forty (40) hours in a work week, and instead was paid straight-time (regular rate of pay) or was not paid for any hours worked over forty hours per work week.

I hereby consent to be a Plaintiff in this Fair Labor Standards Act case. I hereby consent to the bringing of any claims that I may have under the Fair Labor Standards Act (for unpaid overtime, liquidated damages, attorneys' fees, costs, and any other relief) against the defendants.

I authorize the law firm of Cooper Erving & Savage, or any other representative as they may designate, to represent me in this case. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above law firm, without prepayment of costs and attorneys' fees. I understand that if plaintiffs are successful, costs expended by the attorneys on my behalf will be deducted from any settlement or money judgment. I understand that the attorneys may petition the Court for any award of fees and costs to be paid by the Defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the Defendants for attorneys' fees, or one-third (1/3) of my gross settlement or judgment amount, whichever is the greater amount.

Signature: _____ Date: _____

Name (please print: _____
Telephone: _____

Address: _____
_____
_____

NOTICE DATE: _____, 2016

**IF YOU WISH TO JOIN THIS LAWSUIT, PLEASE RETURN THIS FORM WITHIN SIXTY (60) DAYS FROM THE DATE ON THIS FORM TO:**

Carlo A.C. de Oliveria, Esq.
Phillip G. Steck, Esq.
Cooper Erving and Savage LLP
39 North Pearl Street, Fourth Floor
Albany, New York 12207
Phone: (518) 449-3900
Fax: (518) 432-3111

E-mail: cdeoliveria@cooperirving.com

### 7. Equitable Tolling

Plaintiff, within his renewed motion for collective certification, "renews" his request for equitable tolling.  Dkt. No. 60-1 at 11; Dkt. No. 56.  Defendants oppose.[11]  Dkt. No. 63 at 29-30.  On June 1, 2015, plaintiff provided, apparently as part of his "objections" to defendants' objections to May 14, 2015 Report-Recommendation and Order, a request for equitable tolling of the statute of limitations.  Dkt. No. 50.  As indicated above, Chief Judge Suddaby denied the requests as improper because: (1) they were submitted after the deadline for filing objections; (2) the requests were unsupported by an affidavit as required by Local Rule 7.1(a)(2) or a memorandum of law as required by Local Rule 7.1(a)(1); and (3) one of plaintiff's requests "was not filed properly (e.g., with a Notice of Motion)," thus, "no deadline was set for the filing of a response by Defendants to Plaintiff's (subsequently filed) memorandum of law; and (4) "each request is unsupported by a showing of cause."  Dkt. No. 59 at 11.

Plaintiff argues that equitable tolling is necessary because he anticipates the potential collective class will amount to numbers "in excess of the 300" and that his "inability to make putative class members aware of their rights to opt-in in this action are

---

[11]   Defendants have also provided a one-page letter asking the Court to take notice of a recent decision by the Supreme Court of the United States which "address[ed] issues pertinent to Plaintiff's currently pending Renewed Motion for Conditional Collective-Action Certification and for Court-Approved Notice to the Collective Action Class and in Support of Plaintiff's Motion for Equitable Tolling, Menominee Indian Tribe of Wis. v. United States,  No. 14-510, __ U.S. __, 136 S.Ct. 750 (Jan. 25, 2016)."  Dkt. No. 67.  Plaintiff indicated that Menominee "does not alter the test applied by courts in our Circuit to determine when equitable tolling is warranted, which is the same test argued by the Plaintiff in support of tolling in this case."  Dkt. No. 68.

due to the discovery delays caused by the defendants." Dkt. No. 60-1 at 11. Further,

plaintiff opines that "the potential for inequitable results to the putative class members

who are unaware of their rights justifies the Court's exercise of discretion in favor of

equitably tolling the statute of limitations." Id. Plaintiff requests that the Court toll the

statute of limitations from any one of the three following dates:

> (1) October 2, 2014, the date when defendants [sic]
> discovery responses were due to the Plaintiff, or (2) January
> 13, 2015, the date when Plaintiff filed his motion to compel
> discovery, or (3) September 11, 2015, the date of the
> Court's Decision and Order accepting and adopting
> Magistrate Hummel's Report-Recommendation and Order
> rejecting defendants' pre-certification discovery objections.

Id. In addition to arguing that plaintiff cannot demonstrate the existence of an

extraordinary circumstance, defendants contend, in the alternative, that plaintiff's

motion for equitable tolling is "premature and overbroad." Dkt. No. 63 at 30.

    As the Supreme Court of the United States has set forth, "a litigant is entitled to

equitable tolling of a statute of limitations only if the litigant establishes two elements:

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." Menominee, 136 S.Ct. at

755 (quoting Holland v. Florida, 560 U.S. 631 (2010). Plaintiff bears the burden of

establishing these two prongs. Id. at 756 (citing Pace v. DiGuglielmo, 544 U.S. 408,

418 (2005)). "In an FLSA collective action, the statute of limitations for each opt-in

plaintiff runs from when he or she files written consent with the court electing to join the

lawsuit, not when the named plaintiff files the complaint, see 29 U.S.C. § 256(b);

however, courts have discretion to equitably toll the limitations period in appropriate

32

cases in order to 'avoid inequitable circumstances.'" <u>Ritz v. Mike Rory Corp.</u>, No. 12 CV

367 (JBW/RML), 2013 WL 1968493, at *3 (E.D.N.Y. May 13, 2013) (quoting <u>Yahraes v.</u>

<u>Rest. Assocs. Events Corp.</u>, No 10-CV-935, 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8,

2011).

Here, the undersigned finds that plaintiff meets the first prong of the equitable

tolling test.  Further, it does not appear that defendants dispute that plaintiff has been

diligently pursuing his rights.  <u>See</u> Dkt. No. 63 at 30 ("Plaintiff's renewed request is

again devoid of any reason why this is one of the rare and extraordinary cases where

equitable tolling should be granted.").  As for the second prong, whether there exists an

extraordinary circumstance warranting tolling of the statute of limitations, plaintiff

provides that tolling is warranted due to defendants' delays in providing discovery.

However, it does not seem to be the case that plaintiff is arguing that defendants have

failed to provide certain discovery that it was ordered to provide by the Court within

court-set timelines.[12]  To the extent that plaintiff is arguing that the extraordinary

circumstance was defendants' refusal to provide such discovery prior to this Court's

ruling on his motion to conditionally certify a collective action, the undersigned does not

agree that this is an extraordinary circumstance as defined by the case law in this

particular case.  Where a defendant who genuinely believes that certain discovery is

not required by the laws, and such argument is not entirely frivolous or without merit,

---

[12]  This is excepting plaintiff's suggestion that defendants may not have provided a complete list of potential plaintiffs, as one designer who plaintiff contends falls within the potential collective as one who is similarly situated to plaintiff, was omitted from their list.  Dkt. No. 60-1 at 9.  However, as defendants appear to have timely provided plaintiff with a list of 307 individuals and their addresses, the undersigned does not believe that any potential omission was intentional.

the defendants' opposition to a plaintiff's demand for this discovery, and any resulting delay due to this opposition, would not appear to amount to an extraordinary circumstance warranting a toll of the statute of limitations.

The Courts in this Circuit have differed over whether the time it has taken for the Court to review a plaintiff's motion for conditional certification as a collective action amounts to an extraordinary circumstance warranting tolling. See, e.g., Hinterberger v. Catholic Health Sys., 08-CV-380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009) (holding that the delay in addressing the motion to certify "is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes. Equitable tolling is 'a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'"); cf. Hart v. Crab Addison, Inc., 13-CV-6458 (CJS), 2015 WL 365785, at *5 (W.D.N.Y. Jan. 27, 2015) (granting equitable tolling due to an "unusually long delay . . . between the filing of Plaintiff's motion for conditional certification and the Court's issuance of this Decision and Order, which may result in some class members not receiving notice of this action in time to file a timely request to opt into the action.") (citing cases). However, a significant number of cases have determined that "[t]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance[]' justifying application of the equitable tolling doctrine." Yahraes, 2011 WL 844963, at *4; Guzelgurgenli v. Prime Time Specials Inc., No 11 Civ 4549, 2012 WL 3264314 (E.D.N.Y. Aug. 8, 2012); McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012).

34

Here, the undersigned recognizes, there has been a somewhat significant passage of time since plaintiff has first moved to collectively certify and since he has filed his renewed motion.  Plaintiff filed his initial motion for conditional certification on January 29, 2015.  Dkt. No. 34.  The undersigned issued a Report-Recommendation and Order on that motion on May 14, 2015.  Dkt. No. 44.  Chief Judge Suddaby issued his Decision and Order adopting the Report-Recommendation and Order on September 11, 2015.  Dkt. No. 59.  Plaintiff renewed his motion to certify on December 2, 2015.  Dkt. No. 60.  The undersigned does not find, however, the fact that plaintiff first filed a motion for collective certification in January 2015 to be dispositive.  The undersigned concluded, and District Judge Suddaby agreed, that plaintiff failed to demonstrate in his initial motion that the potential plaintiffs were similarly situated for purposes of a motion for conditional certification under section 216(b).  Thus, the fact that the undersigned recommended denial of the initial motion, which lead to a period of time during which additional discovery occurred, and then the filing of a renewed motion does not, in the undersigned's view, amount to an extraordinary circumstance.  Ritz, 2013 WL 1968493, at *3 (holding that, where the plaintiff's declaration "submitted in support of his motion for conditional class certification was wholly inadequate to support the certification of a class of similarly situated opt-in plaintiffs," the fact that the plaintiff failed to initially "properly allege[] a collective action under the FLSA" did not warrant equitable tolling).  Although the undersigned is not moved by the fact that plaintiff filed his initial motion for collective certification in January 2015, the undersigned does consider the fact that his renewed motion was filed on January 19, 2016, approximately eight months ago.  Dkt.

35

No. 63.  Plaintiff will be required to wait the two-week period for the filing of objections, in addition to the time period necessary for Chief Judge Suddaby to review the undersigned's Report-Recommendation and Order.  On balance, and keeping in mind the FLSA's remedial underpinnings, the undersigned finds tolling of the statute of limitations warranted due to the unavoidable delay in reviewing plaintiff's renewed motion for collective certification.  The undersigned finds the appropriate time period is between plaintiff's filing of the renewed motion for collective certification and entry of a Decision and Order reviewing this Report-Recommendation.  See Fa Ting Wang v. Empire State Auto Corp., No. 14-CV-1491 (WFK/VMS), 2015 WL 4603117, at *14 (W.D.N.Y. July 29, 2014) (tolling statute of limitations "for the time period between the filing of the October 10, 2014 notice of motion and an entry of an Order on that motion, to thus avoid attributing to the Potential Collective Action Members the Court's deliberation period.").  Although this period is far shorter than those proposed by plaintiff, it is this period of time that the undersigned finds equitable, given the specific facts of this case.

Accordingly, it is recommended that plaintiff's motion for equitable tolling be granted insofar as the statute of limitations be tolled from December 2, 2015 – the date plaintiff filed his renewed motion to certify – to the date of entry of the District Judge's Decision and Order reviewing this Report-Recommendation and Order.

## III.  CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's renewed motion to conditionally certify as a collective action pursuant to FLSA § 216(b), Dkt. No. 60, be **GRANTED**; and it is further

**RECOMMENDED**, that the plaintiff's proposed notice and consent form be accepted, with the proposed modifications by the undersigned; and it is further

**RECOMMENDED**, that the period of time permitted in the notice is three years within the date of plaintiff's filing his initial complaint, April 30, 2014; and it is further

**RECOMMENDED**, that plaintiff's renewed motion for equitable tolling, Dkt. No. 60-1 at 11; Dkt. No. 56, be **GRANTED** insofar as the statute of limitations be tolled from December 2, 2015 – the date plaintiff filed his renewed motion to certify – to the date of entry of the District Judge's Decision and Order reviewing this Report-Recommendation and Order; and it is further

**RECOMMENDED**, that defendants be ordered to: (1) provide to plaintiff the phone numbers, if within their possession, of the thirty-three potential plaintiffs who plaintiff has described as having "undeliverable addresses," within fourteen (14) days of entry of a Decision and Order adopting of this Report-Recommendation and Order; and (2) review their records to ascertain whether there are any additional current or former designers who fall within the proposed class beyond those 307 names already provided to plaintiff, and if such review reveals additional persons, the names, addresses, and telephone numbers of these potential plaintiffs are to be provided to plaintiff within that fourteen (14) day period, and if such search reveals no additional names, such representation is also to be provided to plaintiff in writing within that fourteen (14) day period; and it is

**ORDERED**, that the Clerk of the Court serve copies of this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636 (b) (1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636 (b) (1) (B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Heath and Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6 (a), 6 (e).

**IT IS SO ORDERED.**

Dated: September 7, 2016
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge