UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VINCENT E. BOICE, individually and on behalf
of all others similarly situated,

                Plaintiff,

v.                                                                        1:14-CV-0505
                                                                          (GTS/CFH)
M+W U.S., INC.; TOTAL FACILITY SOLS., INC.;
and M+W ZANDER NY ARCHITECTS, P.C.,

                Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

COOPER ERVING & SAVAGE LLP              CARLO ALEXANDRE C. de OLIVEIRA, ESQ.
  Counsel for Plaintiff                             PHILLIP G. STECK, ESQ.
39 North Pearl Street, 4th Floor
Albany, New York 12207

JACKSON LEWIS, P.C.                              PETER M. TORNCELLO, ESQ.
  Counsel for Defendants                        STEPHANIE L. GOUTOS, ESQ.
18 Corporate Woods Boulevard             VINCENT E. POLSINELLI, ESQ.
Albany, New York 12211                          WILLIAM J. ANTHONY, ESQ

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this wage-and-hour action under the Fair Labor Standards Act ("FLSA") filed by Vincent E. Boice ("Plaintiff") on behalf of himself and all others similarly situated, are (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Plaintiff's renewed motions for conditional class certification and equitable tolling be granted, and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 69, 70.) For the reasons set forth below, Plaintiff's Objection is rejected, the Report-Recommendation is accepted in its entirety, and Plaintiff's renewed motions for conditional class certification and equitable tolling are granted.

I.    **RELEVANT BACKGROUND**

    A.    **Relevant Procedural Background**

Because neither party has objected to Part I of Magistrate Judge Hummel's Report-Recommendation which accurately sets forth the procedural background of this action, the Court adopts that part's description of this action's procedural background. (*See generally* Dkt. No. 69, at Part I [Report-Recommendation].)

    B.    **Magistrate Judge Hummel's Report-Recommendation**

Generally, in his Report-Recommendation Judge Hummel rendered the following five recommendations: (1) that Plaintiff's renewed motion for conditional class certification be granted on the ground that he has demonstrated that the potential plaintiffs are similarly situated and were subject to a common plan or policy that violated the law; (2) that the appropriate class be all current and former designers from any M+W location within the United States who worked more than forty hours per week but were not paid time and one-half of their regular rate of pay by defendants and were instead paid straight time–their regular rate of pay–or were not paid for any overtime hours, and that the notice period of three years run from the date that Plaintiff filed his original Complaint (i.e., April 30, 2014); (3) that Defendants be ordered to provide to Plaintiff the last-known telephone numbers, if within their possession, of the thirty-three potential plaintiffs whom Plaintiff has described as having "undeliverable" addresses (within fourteen days of the date of entry of the Order adopting the Report-Recommendation), and that Defendants also be ordered to review their records to ascertain whether there are any current or former employees who fall within the proposed class beyond those 307 names already provided to Plaintiff and advise him of that fact (again within fourteen days of the date of entry of the Order adopting the

Report-Recommendation); (4) that Plaintiff's proposed notice and consent form be accepted, with certain clarifications and modifications, and that the period of time permitted in the notice be three years within the date of Plaintiff's filing of his original Complaint (i.e., April 30, 2014); and (5) that Plaintiff's renewed motion for equitable tolling be granted insofar as the statute of limitations be tolled from the date on which Plaintiff filed his renewed motion to certify (i.e., December 2, 2015) to the date of entry of the Order regarding the Report-Recommendation. (Dkt. No. 69, at Part II.)

### C. Plaintiff's Objection to the Report-Recommendation

Generally, in his Objection, Plaintiff asserts the following two arguments: (1) Magistrate Judge Hummel erred in finding that the statute of limitations should be equitably tolled from the date on which Plaintiff filed his renewed motion to certify (i.e., December 2, 2015) rather than the date on which Defendants' initial discovery responses were due to Plaintiff (i.e., October 2, 2014), because (a) Defendants' failure to provide discovery between October 2, 2014, and December 2, 2-2015, constitutes an "extraordinary circumstance" that interfered with Plaintiff's ability to prosecute his claim (regardless of whether they genuinely believed their position did not violate the law), and (b) the additional tolling period will not prejudice Defendants in that they were on notice of the claim during that period; and (2) Magistrate Judge Hummel's additional language in Section 4 of the Notice advising potential opt-in plaintiffs that they may be required to travel to the Northern District of New York for depositions, trial or other obligations unnecessarily risks deterring potential opt-in plaintiffs from joining the action, because such travel is unlikely given that (a) interrogatories are often used instead of depositions and (b) in any event opt-in plaintiffs may participate in telephonic depositions or depositions taken in offices near where they live. (Dkt. No. 70, at Parts I and II.)

**II.     STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not,

---

[1]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.  ANALYSIS

After carefully reviewing all of the papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no error in the Report-Recommendation, clear or otherwise.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.  To those reasons, the Court adds the following analysis.

Plaintiff's first argument for rejecting the Report-Recommendation (described above in Part II.C. of this Decision and Order), at its core, consists simply of a reiteration of an argument asserted in its reply memorandum of law: that the equitable tolling period should run from the date on which Defendants started depriving Plaintiff of information necessary to formulate his cause of action.  (*Compare* Dkt. No. 70, at Part I [Objection, citing, e.g., *Jackson, McGlone, Yahares, and Myers*] *with* Dkt. No. 66, at Part IV [Plf.'s Reply Memo. of Law, citing, e.g., *Jackson, McGlone, Yahares, and Myers*].)  As a result, this "challenged" portion of the Report-Recommendation is entitled to only a clear-error review, which it easily survives.

---

[4]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Even if this portion of the Report-Recommendation were subjected to a *de novo* review, it would survive that review. While delays caused by a defendant may warrant equitable tolling even without any evidence of bad faith, Magistrate Judge Hummel is correct that extraordinary-circumstance cases often consider whether a defendant genuinely believed its position did not violate the laws.[5] Simply stated, it is a factor that may be considered, and was here considered properly.

Moreover, Plaintiff's second argument for rejecting the Report-Recommendation (described above in Part II.C. of this Decision and Order) glosses over the word "may" in Magistrate Judge Hummel's additional language, and ignores the misleading nature of a notice that does not advise potential opt-in plaintiffs of the risks in question. The Notice is proper.

---

[5]  *See, e.g., Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp.2d 253, 319 (S.D.N.Y. 2011) ("[E]quitable tolling is not warranted, as there is no allegation that defendants engaged in anything more, e.g., some sort of deception.") (internal quotation marks omitted); *Gunawan v. Sake Sushi Rest.,* 09-CV-5018, 2011 WL 3841420, at *3 (E.D.N.Y. Aug. 26, 2011) (noting that failure to give an FLSA notice "is insufficiently extraordinary [for purpose of equitable tolling] in the absence of some sort of deception") (internal quotation marks omitted); *Cao v. Wu Liang Ye Lexington Rest., Inc.,* 08-CV-3725, 2010 WL 4159391, at *1 (S.D.N.Y. Sept. 30, 2010) (denying equitable tolling where defendants failed to post the required FLSA notices, but there was no allegation that defendants "engaged in anything more, e.g, some sort of deception"); *Jacobsen v. Stop & Shop Supermarket Co.*, 02-CV-5915, 2004 U.S. Dist. LEXIS 17031, at *11-12 (S.D.N.Y. Aug. 27, 2004) ("Jacobsen . . . cannot point to any trickery or affirmative deception, or to any 'extraordinary' behavior, on the part of Stop & Shop that impeded the plaintiffs' ability to file timely consents. . . .  To hold that a failure to disclose that an employee is entitled to overtime pay is sufficient to work an equitable toll would be tantamount to holding that the statute is tolled in all or substantially all cases seeking unpaid overtime. . . . Jacobsen has not shown that Stop & Shop engaged in any 'extraordinary' behavior or any trickery with respect to its obligation to provide the names of potential class members.") (internal quotation marks omitted); *Patraker v. Council on Env't*, 02-CV-7382, 2003 WL 22703522, at *2 (S.D.N.Y. Nov. 17, 2003) (declining to apply doctrine of equitable tolling while noting that "[the] plaintiff [did] not allege[ ], either in the amended complaint or in his declaration, any affirmative deception by the defendants").

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 69) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's renewed motion to conditionally certify as a collective action pursuant to FLSA § 216(b) (Dkt. No. 60) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's proposed notice and consent form ("Notice") is accepted with Magistrate Judge Hummel's modifications; and it is further

**ORDERED** that the period of time permitted in the Notice is three years within the date of Plaintiff's filing his original Complaint (i.e., April 30, 2014); and it is further

**ORDERED** that Plaintiff's renewed motion for equitable tolling (Dkt. No. 60, Attach. 1, at 11; Dkt. No. 56) is **GRANTED** insofar as the statue of limitations is tolled from December 2, 2015–the date on which Plaintiff filed his renewed motion to certify–to the date of entry of this Decision and Order; and it is further

**ORDERED** that Defendants shall do the following:

(1) provide Plaintiff with the phone numbers, if within their possession, of the thirty-three (33) potential plaintiffs whom Plaintiff has described as having "undeliverable" addresses, within **FOURTEEN (14) DAYS** of the date of this Decision and Order; and

(2) review their records to ascertain whether there are any additional current or former designers who fall within the proposed class beyond the three hundred seven (307) names already provided to Plaintiff, and, if such review reveals additional persons, provide Plaintiff with the names, addresses, and phone numbers within **FOURTEEN (14) DAYS** of the date of this Decision and Order,

and, if such search reveals no additional names, make such a representation to Plaintiff in writing within **FOURTEEN (14) DAYS** of the date of this Decision and Order.

Dated: September 27, 2016
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge